IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK CHAMBERS,

    Petitioner,

v.

P/O TIMOTHY BOGAN, et al.,

    Respondents.

CIVIL ACTION
NO. 19-4131

**OPINION**

**Slomsky, J.**     **January 15, 2020**

## I. INTRODUCTION

Before the Court is the pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) filed by Mark Chambers ("Petitioner"), a state prisoner incarcerated at a State Correctional Institution located in Philadelphia, Pennsylvania. (Id. at 1.) On October 17, 2019, United States Magistrate Judge Thomas J. Reuter issued a Report and Recommendation (the "R&R"), recommending that the Petition be summarily dismissed without prejudice and that a certificate of appealability not be issued. (Doc. No. 7.) On October 31, 2019, Petitioner filed Objections to the R&R in a document titled "Motion for Objection and a Timely Response to the United States District [Report and] Recommendation" (Doc. No. 8) (the "Objection"). For reasons that follow, the Court will approve and adopt the R&R (Doc. No. 7), summarily dismiss the Petition (Doc. No. 1), and shall not issue a certificate of appealability.

## II.    BACKGROUND

The following facts are taken from the R&R:[1]

> On April 22, 2019, Petitioner was arrested on multiple drug and firearm offenses. See Docket, Commonwealth v. Chambers (No. MC-51-CR-10635-2019) (Mun. Ct. of Phila. filed Apr. 23, 2019). The case was continued two times, once at the request of the Commonwealth and once at the request of the defense. Bail was set at $200,000 on April 23, 2019 and then decreased to $100,000 on June 24, 2019. The case was thereafter transferred to the Court of Common Pleas and an information was filed on June 27, 2019. See Docket, Commonwealth v. Chambers (No. CP-51-CR4488-2019) (Ct. Com. Pl. of Phila. Cnty. filed June 25, 2019). Petitioner is currently in pretrial detention at a Philadelphia County jail. A motion to proceed pro se was filed on September 6, 2019 and a motion for modification of bail was filed on September 13, 2019. See Id. at 4. [On November 22, 2019, Petitioner filed a Motion to Dismiss, which remains pending. See Id. at 5.]

(Doc. No. 7 at 1-2.) On August 31, 2019, Petitioner filed the instant pro se Petition for a Writ of Habeas Corpus. (Doc. No. 1.) In the Petition, Petitioner asserted four grounds for relief: (1) violation of the Fourteenth Amendment; (2) violation of the Eighteenth Amendment; (3) violation of the Fifth Amendment; and (4) unconstitutional arrest, which the Court interprets as an alleged violation of the Fourth Amendment. (Id. at 7-9.) He requested "immediate release and discharge from Philadelphia County Prison, dismissal of all charges, protection from the Narcotic Bureau of Philadelphia['s] false police department policies, [and] justice against [his] current unconstitutional detention." (Id. at 9.)

On October 17, 2019, Magistrate Judge Reuter issued the R&R recommending that the Petition be summarily dismissed without prejudice because Petitioner had not exhausted state court remedies and had shown no "exceptional circumstances" warranting the court's intervention at this juncture. (Doc. No. 7 at 4.) To that end, Judge Reuter found that Petitioner's

---

[1]    The factual background taken from the R&R has been altered slightly to include additional and modified citations to comply with this Court's citation format. Any additions to the factual background are reflected by text contained in brackets.

alleged violations could be remedied by "a multitude of state court remedies . . ., such as raising [the alleged violations] in pretrial motions, during trial, and during post-trial proceedings." (Id. at 3-4.)

On October 31, 2019, Petitioner filed the instant Objection to the R&R and argued that exceptional circumstances exist in his case. (Doc. No. 8.) Specifically, Petitioner argued that the Philadelphia Police Department and District Attorney's Office engaged in the following due process violations: (1) Officer Bogan's "produc[tion] of a fake search warrant" to obtain entry to his home, (2) "the District Attorney's . . . participating in malicious prosecution by not revealing … exculpatory discovery," and (3) "the District Attorney's allowance of [Bogan] to . . . [commit] perjury [and] testif[y] to fabrications of events, dates, times and identifications[.]" (Doc. No. 8 at 4.) Petitioner argues that these are "the exact type of exceptional circumstances to give this Court the power to grant [him a] writ [of habeas corpus] according to [28 U.S.C.] § 2241(c)(3)."

## III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. Any party may file objections in response to the magistrate judge's Report and Recommendation. Id. § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV.  ANALYSIS

### A.  Legal Standard

28 U.S.C. § 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. Spencer v. Kemna,

4

523 U.S. 1, 7 (1998); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973); see also Zadvydas v. Davis, 533 U.S. 678, 699 (2001).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), a court may conduct a preliminary review of a habeas petition and decide if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this Rule, the court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

### B. Petitioner's Habeas Petition Will Be Summarily Dismissed Without Prejudice

The Court accepts and adopts the R&R's determination that the Petition should be summarily dismissed without prejudice for failure to exhaust state court remedies. Petitioner brings this action under 28 U.S.C. § 2241, which authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." Moore v. De Young, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (citing 28 U.S.C. § 2241). However, federal habeas "jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46). Accordingly, "the practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged." Moore, 515 F.2d at 442 (quoting Cook v. Hart, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of his constitutional rights," and "comity demands that the state courts, under whose process he is held . . . should be appealed to in the first instance." Moore, 515 F.2d at 442-43.

In considering whether a federal court should grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> [(1)] that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> [(2)] where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Id. at 443.

At this stage of the proceedings, Petitioner has not exhausted his state court remedies. To be considered exhausted, a "claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." Evans v. Court of Common Pleas, 959 F.2d 1227, 1230 (3d Cir. 1992). Petitioner has not raised his arguments with the trial court, nor Pennsylvania's appellate or Supreme Court, and conceded that his claims are unexhausted. (See Doc. No. 8 at 5) ("Petitioner . . . is pursuing pretrial § 2241 relief without exhausting state remedies"). Accordingly, the Court finds that Petitioner has not exhausted his state court remedies.

Nor has Petitioner established the extraordinary circumstances that would justify the Court exercising its pre-trial habeas jurisdiction despite non-exhaustion. While neither the United States Supreme Court nor the Third Circuit Court of Appeals has delineated the precise bounds of the extraordinary circumstances exception, it is nevertheless clear that "run-of-the-mill [due process] challenges . . . are not 'exceptional' under any plausible definition of that term." Reese v. Warden Phila. FDC, 904 F.3d 244, 246 n.2 (3d Cir. 2018). In the instant case, Petitioner alleges violations of the Fourth, Fifth, Fourteenth, and Eighteenth Amendments. He has not, however, presented any cognizable argument that the state courts are incapable of addressing his

6

alleged violations, nor that his challenges are anything but customary due process and evidentiary challenges. Therefore, the Court concludes that, at present, there are no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case.

"Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented." Moore, 515 F.2d at 449. But, for now, as Petitioner has not exhausted his state court remedies and there are no extraordinary circumstances, the Court will dismiss his Petition.

### C. A Certificate of Appealability Will Not Issue

A district court shall issue a certificate of appealability only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that Petitioner has not made such a showing with respect to his habeas Petition. Therefore, a certificate of appealability will not issue in this case.

## V. CONCLUSION

For all the foregoing reasons, the Court will adopt Magistrate Judge Reuter's R&R and summarily dismiss Petitioner's habeas petition without prejudice. No certificate of appealability shall issue. An appropriate Order follows.